```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

Bruce M. Loudenslager

    v.                                Civil No. 10-cv-473-JL

Clear Channel *et al.*

**SUMMARY ORDER**

Bruce Loudenslager, proceeding pro se, has sued alleged operators of radio and television stations in New Hampshire, claiming "[t]orture, harassment and bodily harm from the continuous use of radio frequency and/or microwaving targeting [and] verbal harassment by satellite technology," as well as an invasion of privacy through "continual verbal monitoring." Certain of the defendants, named in the complaint as "Clear Channel" and "Clear Channel Radio" (but who explain that they should have been named as Capstar Radio Operating Company, which, as a subsidiary of Clear Channel Communications, Inc., actually owns some of the stations in question) have moved to dismiss, arguing, among other things, that this court lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The Supreme Court has explained that "[i]t is to be

presumed that a cause lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction," id. (citations omitted), which here is Loudenslager.

Loudenslager's complaint asserts that it "raises many questions regarding the United States Constitution," which, if an apt characterization, could theoretically confer subject-matter jurisdiction under 28 U.S.C. § 1331 (giving federal district courts "original jurisdiction of all civil actions arising under the Constitution"). But, as Clear Channel points out, the complaint does not purport to allege any constitutional claim, even when read liberally as pro se complaints must be, see Estelle v. Gamble, 429 U.S. 97, 106 (1975).

Instead, the complaint charges the defendants with causing harm to Loundenslager and invading his privacy through the use of radio and microwaves. As Clear Channel also points out, the defendants are all private citizens who are not alleged to have been acting on behalf of any government and who (except under limited circumstances not present here) therefore cannot be held responsible for violating the Constitution. See NCAA v. Tarkanian, 488 U.S. 179, 191-92 (1988) (observing that the Constitution "affords no shield" against private conduct, "no matter how unfair that conduct may be"); see also DeBauche v. Va.

Commonwealth Univ., 7 F. Supp. 2d 718, 723-24 (E.D. Va. 1998) (ruling that a privately owned radio station was not a government actor subject to the Constitution), aff'd in relevant part sub nom. DeBauche v. Trani, 191 F.3d 499 (4th Cir. 1999).

The complaint also claims subject-matter jurisdiction under a federal statute, 28 U.S.C. § 109.  Though Clear Channel says that this statute does not exist, in fact it does, though it is not a source of potential jurisdiction:  it provides only that "New Hampshire constitutes one judicial district" and that "Court shall be held at Concord and Littleton."  And, while radio and television broadcasting are regulated by the federal government, this court is not aware of any federal statute allowing private actions like this.  Cf. Freeman v. Burlington Broadcasters, Inc., 204 F.3d 311, 319 (2d Cir. 2000) (noting that citizens' claims of harms from radio transmissions did not give rise to federal subject-matter jurisdiction).

Finally, there is no diversity jurisdiction under 28 U.S.C. § 1332(a)(1), because at least one of the defendants, Citadel Broadcasting, Inc., has its principal place of business in New Hampshire, according to both Loundenslager's complaint and the records of the New Hampshire Secretary of State's Corporations Division.  This means that Citadel, like Loundenslager, is a

citizen of New Hampshire, see id. § 1332(c)(1), and no diversity jurisdiction exists.

For the foregoing reasons, Clear Channel's motion to dismiss (document no. 5) is GRANTED on the ground that this court lacks subject-matter jurisdiction and otherwise denied as moot. In light of this dismissal, Citadel's motion for an extension of time to answer (document no. 6) is also denied as moot. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: February 25, 2011

cc: Bruce Alan Loudenslager, pro se
    Peter G. Callaghan, Esq.
    Michael M. Lonergan, Esq.
    Matthew F. Medeiros, Esq.